1  CATHERINE M. CORFEE, SBN 155064
   CORFEE STONE & ASSOCIATES
2  5441 FAIR OAKS BLVD, SUITE B-1
   CARMICHAEL, CA 95608
3  TELEPHONE:   (916) 487-5441
   FACSIMILE:   (916) 487-5440
4
   Attorneys for Defendants Sasquatch, LLC
5  dba Six Rivers Brewery; Meredith Maier

6

7                    UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9

10

11 ELIZABETH  MILLER,                 )   CASE NO. C 07 3111 MEJ
                                      )
         Plaintiff,                   )   **DEFENDANTS SASQUATCH, LLC dba**
12                                    )   **SIX RIVERS BREWERY AND**
                                      )   **MEREDITH MAIER'S ANSWER TO**
13       vs.                          )   **COMPLAINT**
                                      )
14 SAQUATCH, LLC., a California Limited )   **JURY TRIAL DEMANDED**
   Liability Company, dba SIX RIVERS )
15 BREWERY, MEREDITH MAIER and Does )
   one to fifty, inclusive            )
16                                    )
         Defendants.                  )
17 _____)
                                      )
18                                    )

19        Defendants SASQUATCH, LLC dba SIX RIVERS BREWERY and MEREDITH

20 MAIER ("Defendants"), hereby respond to plaintiff's Complaint.  Defendants reserve the right to

21 add or strike affirmative defenses as discovery ensues.  Defendants further reserves the right to

22 add affirmative defenses and admit such at trial as a defense where such is subsequently

23 discovered through the discovery process.

24                    **JURISDICTION AND VENUE**

25        1.        Answering the allegations of Paragraph 1, Defendants admit only that  the Court

26 has jurisdiction under the "readily achievable standard" of the Americans with Disabilities Act of

27 1990, 42 U.S.C. section 12101, but denies that the Court should  exercise pendent/ancillary

28 jurisdiction to the state claims which California has a strong state interest in.

2.     Answering the allegations of Paragraph 2, Defendants admit that venue is proper.

**INTRODUCTION**

3.     Answering the allegations of Paragraph 3, Defendant Sasquatch, LLC admits that it owns and operates the facility.  Defendant Meredith Maier denies that she owns and/or operates the facility.

**RESPONSES TO FACTUAL ALLEGATIONS**

4.     Answering the allegations of Paragraph 4, Defendants currently lacks sufficient knowledge to respond to the allegations in said paragraph, therefore Defendant must deny all allegations in said paragraph.

5.     Answering the allegations of Paragraph 5, Defendant Sasquatch, LLC admits that it owns and operates the facility.  Defendant Meredith Maier denies that she owns and/or operates the facility.  Defendants deny all other allegations in said paragraph.

6.     Answering the allegations of Paragraph 6, Defendant Sasquatch, LLC admits that it owns and operates the facility.  Defendant Meredith Maier denies that she owns and/or operates the facility.  Defendants deny all other allegations in said paragraph.

7.     Answering the allegations of Paragraph 7, Defendant Sasquatch, LLC admits that it owns and operates the facility.  Defendant Meredith Maier denies that she owns and/or operates the facility.  Defendants deny all other allegations in said paragraph.

8.     Answering the allegations of Paragraph 8, Defendant Sasquatch, LLC admits that it owns and operates the facility.  Defendant Meredith Maier denies that she owns and/or operates the facility.  Defendants deny all other allegations in said paragraph. Defendants do not have sufficient knowledge of the identities of Does 1 - 50 to respond to Plaintiff's allegations with respect to them.  Defendants deny all other allegations in Paragraph 8.

9.     Answering the allegations of Paragraph 9, Defendants deny all allegations stated therein.

10.     Answering the allegations of Paragraph 10, Defendant Sasquatch, LLC admits that it owns and operates the facility.  Defendant Meredith Maier denies that she owns and/or operates the facility.  Defendants deny all other allegations in said paragraph.

**DEFENDANTS' ANSWER TO COMPLAINT**

11.    Answering the allegations of Paragraph 11, Defendants deny all allegations stated therein.

12.    Answering the allegations of Paragraph 12, Defendants deny all allegations stated therein.

13.    Answering the allegations of Paragraph 13, Defendants deny all allegations stated therein.

14.    Answering the allegations of Paragraph 14, Defendants deny all allegations stated therein.

## FIRST CAUSE OF ACTION

15.    Answering the allegations of Paragraph 15, Defendant incorporates herein by reference their responses to paragraphs 1 through 14.

16.    Answering the allegations of Paragraph 16, the cited law speaks for itself.

17.    Answering the allegations of Paragraph 17, the cited law speaks for itself.

18.    Answering the allegations of Paragraph 18, the cited law speaks for itself..

19.    Answering the allegations of Paragraph 19, the cited law speaks for itself.

20.    Answering the allegations of Paragraph 20, the cited law speaks for itself.

21.    Answering the allegations of Paragraph 21, the cited law speaks for itself.

22.    Answering the allegations of Paragraph 22, the cited law speaks for itself.

23.    Answering the allegations of Paragraph 23, Defendants deny all allegations stated therein.

24.    Answering the allegations of Paragraph 24, the cited law speaks for itself.

25.    Answering the allegations of Paragraph 25, Defendants deny all allegations. The cited law speaks for itself.

26.    Answering the allegations of Paragraph 26, Defendants deny all allegations stated therein.

27.    Answering the allegations of Paragraph 27, Defendants deny all allegations. The cited law speaks for itself.

28.    Answering the allegations of Paragraph 28, Defendants deny all allegations. The

- 3 -

1   cited law speaks for itself.

2        29.    Answering the allegations of Paragraph 29, Defendants deny all allegations. The

3   cited law speaks for itself.

4        30.    Answering the allegations of Paragraph 30, Defendants deny all allegations. The

5   cited law speaks for itself.

6        31.    Answering the allegations of Paragraph 31, Defendant denies all allegations. The

7   cited law speaks for itself.

8                        **SECOND CAUSE OF ACTION**

9        32.    Answering the allegations of Paragraph 32, Defendant incorporates herein by

10  reference their responses to paragraphs 1 through 31.

11       33.    Answering the allegations of Paragraph 33, the cited law speaks for itself.

12       34.    Answering the allegations of Paragraph 34,  Defendants deny all allegations. The

13  cited law speaks for itself.

14       35.    Answering the allegations of Paragraph 35,  Defendants deny all allegations.  The

15  cited law speaks for itself.

16       36.    Answering the allegation of Paragraph 36, Defendants admit the allegation.

17       37.    Answering the allegations of Paragraph 37, Defendants deny all allegations.

18       38.    Answering the allegations of Paragraph 38, Defendant lacks sufficient knowledge

19  to respond to this allegation, and therefore must deny it.

20       39.    Answering the allegations of Paragraph 39, The cited law speaks for itself

21       40.    Answering the allegations of Paragraph 40, Defendants deny all allegations in said

22  paragraph.

23       41.    Answering the allegations of Paragraph 41, Defendants deny the allegations in

24  said paragraph.

25       42.    Answering the allegations of Paragraph 42, Defendants deny the allegation in said

26  paragraph.

27       43.    Answering the allegations of Paragraph 43, Defendants deny the allegation in said

28  paragraph.

1  44.    Answering the allegations of Paragraph 44, Defendants deny the allegation in said
2  paragraph.

3  45.    Answering the allegations of Paragraph 45, Defendants deny the allegation in said
4  paragraph.

5  46.    Answering the allegations of Paragraph 46, Defendants deny the allegation in said
6  paragraph.

7  47.    Answering the allegations of Paragraph 47, Defendants deny the allegation in said
8  paragraph, including that plaintiff is entitled to any relief.

9  48.    Answering the allegations of Paragraph 48, Defendants deny the allegation in said
10  paragraph, including that plaintiff is entitled to any relief.

11  **THIRD CAUSE OF ACTION**

12  49.    Answering the allegations of Paragraph 49, Defendants incorporate herein by
13  reference their responses to paragraphs 1 through 48.

14  50.    Answering the allegations of Paragraph 50, Defendants deny the allegation in said
15  paragraph.

16  51.    Answering the allegations of Paragraph 51, the cited law speaks for itself.

17  52.    Answering the allegations of Paragraph 52, Defendants deny the allegation in said
18  paragraph.

19  53.    Answering the allegations of Paragraph 53, Defendants deny the allegation in said
20  paragraph.

21  54.    Answering the allegations of Paragraph 54, Defendants deny the allegation in said
22  paragraph, including that Plaintiff is entitled to any relief. The cited law speaks for itself.

23  55.    Answering the allegations of Paragraph 55, Defendants deny the allegation in said
24  paragraph, including that Plaintiff is entitled to any relief. The cited law speaks for itself.

25  56.    Answering the allegations of Paragraph 56, Defendants deny the allegation in said
26  paragraph.

27  57.    Answering the allegations of Paragraph 57, Defendants deny the allegation in said
28  paragraph, including that Plaintiff is entitled to any relief. The cited law speaks for itself

58.    Answering the allegations of Paragraph 58, Defendants deny the allegation in said paragraph.

59.    Answering the allegations of Paragraph 59, Defendants deny the allegation in said paragraph.

60.    Answering the allegations of Paragraph 60, Defendants deny the allegation in said paragraph.

61.    Answering the allegations of Paragraph 61, Defendants deny the allegation in said paragraph, including that Plaintiff is entitled to any relief. The cited law speaks for itself.

<div align="center"><strong><u>FOURTH CAUSE OF ACTION</u></strong></div>

62.    Answering the allegations of Paragraph 62, Defendants incorporate herein by reference their responses to paragraphs 1 through 61.

63.    Answering the allegations of Paragraph 63,  Defendants deny all allegations.

64.    Answering the allegations of Paragraph 64, the cited law speaks for itself.

65.    Answering the allegations of Paragraph 65, the cited law speaks for itself

66.    Answering the allegations of Paragraph 66, Defendants deny all allegations contained in said paragraph, including that Plaintiff is entitled to any relief.  The cited law speaks for itself.

<div align="center"><strong><u>PRAYER</u></strong></div>

Defendants deny that Plaintiff is entitled to any relief as identified in Paragraphs 1 through 7 in Plaintiff's Prayer for Relief in Plaintiff's Complaint.

<div align="center"><strong>AFFIRMATIVE DEFENSES</strong></div>

<div align="center"><u>FIRST AFFIRMATIVE DEFENSE</u></div>

<div align="center">(Failure to State a Claim)</div>

1.    AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each and every cause of action therein fails to state a claim upon which relief may be granted.

<div align="center"><u>SECOND AFFIRMATIVE DEFENSE</u></div>

<div align="center">(Laches)</div>

<div align="center">- 6 -</div>

2.      AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's delay in asserting his allegations have resulted in prejudice to Defendant and thus, Plaintiff should be denied relief under the doctrine of laches.

<u>THIRD AFFIRMATIVE DEFENSE</u>

(No Punitive Damages)

3.      AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that, regarding all of Plaintiff's causes of action, Plaintiff's allegations are insufficient to sustain the imposition of punitive damages against Defendant.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

(Failure to Exhaust Administrative Remedies/Mitigation of Damages)

4.      AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff failed to notify Defendant and appropriate state authorities about the alleged violations and therefore failed to exercise his administrative exhaustion requirements under California and federal law. Plaintiff failed to notify Defendant to provide an opportunity to remediate before filing suit to likely resolve alleged access problems fairly and therefore failed to reasonably mitigate his damages.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

(Access Changes Not Required by Law/Disproportionate Cost)

5.      AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant is informed and believes and thereon alleges that some or all of Plaintiff's proposed access changes are not required by applicable law. Defendant is unaware of Plaintiff's specific complaints of alleged architectural barriers as his Complaint is general and vague. Because discovery is ensuing, Defendant is informed and believes that based on future construction/contractor bids regarding proposed access changes, the costs of said bids will show that the proposed changes are disproportionate to the overall previous applicable alteration, if any, and therefore not required under relevant and applicable access law. Defendant asserts this defense based on the discovery of construction/contractor bids and the discovery of proposed access changes and complaints.

<div align="center">

SIXTH AFFIRMATIVE DEFENSE

(Structurally Impracticable/Undue Burden /Financially and Technically Infeasible/

Too Expensive/Alternate & Equivalent Access )

</div>

6.      AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant is informed and believes that to meet the access requirements that Plaintiff's request, such would be structurally impracticable or technically infeasible.  Defendant is informed and believes that proposed access changes would be an unnecessary or undue burden and financially infeasible based on future proposed construction/contractor bids and Defendant's earnings, would be practically difficult and/or too expensive and are not required by applicable access law.  Moreover, Defendant has alternative methods and equivalent accessibility provided to the disabled, including alternative accessible features which have been implemented to the maximum extent feasible.  Defendant asserts the financially infeasible defense based on future construction/contractor bids regarding some or all proposed access changes once disclosed to Defendant by Plaintiff.

<div align="center">

SEVENTH AFFIRMATIVE DEFENSE

(Avoidable Consequences/Mitigation of Damages)

</div>

7.      AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff failed to take reasonable steps in order to avoid any injury they may have suffered, and thus Plaintiff's claims and any recovery are barred by the doctrine of avoidable consequences.  Plaintiff also failed to reasonably mitigate his damages.

<div align="center">

EIGHTH AFFIRMATIVE DEFENSE

(Not Readily Achievable)

</div>

8.      AS AND FOR A EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant is informed and believes that the proposed access changes are not "readily achievable" as defined by applicable access law.

<div align="center">

NINTH AFFIRMATIVE DEFENSE

(Reliance on Building Authorities/Not Liable for Acts or Omissions of Others)

</div>

9.      AS AND FOR AN NINTH, SEPARATE AND DISTINCT AFFIRMATIVE

<div align="center">- 8 -</div>

1    DEFENSE, Defendant is informed and believes that the Complaint and each cause of action

2    alleged therein are barred by reason of Defendant's good faith reliance upon the permissible,

3    reasonable interpretation of the applicable access codes by local government building authorities

4    and the issuance of appropriate building permits and exemptions and/or waivers.  Furthermore,

5    Defendant is not liable for acts and/or omissions of former owners and operators or those

6    responsible.

7                              TENTH AFFIRMATIVE DEFENSE

8                                    (Good Faith Reliance)

9          10.    AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE

10   DEFENSE, Defendant is informed and believes that the Complaint and each cause of action

11   alleged therein is barred by reason of Defendant's good faith reliance upon the advice of

12   architects and/or designers, contractors, building permit inspectors, government authorities etc.

13   who provided evaluation, approval, consultation and/or exemptions.

14                          ELEVENTH AFFIRMATIVE DEFENSE

15                           (No Work to Primary Function Area)

16         11.    AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE

17   DEFENSE, Defendant is informed and believes that some and/or all work to the subject facility,

18   if any, were not to a primary function area.

19                           TWELFTH AFFIRMATIVE DEFENSE

20                                 (Fundamental Alteration)

21         12.    AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE

22   DEFENSE, Defendant is informed and believes that any proposed access changes would

23   fundamentally alter the nature of the goods, service, facility, privilege, advantage or

24   accommodation being offered.

25                         THIRTEENTH AFFIRMATIVE DEFENSE

26                                      (No Standing)

27         13.    AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE

28   DEFENSE, Defendant alleges that Plaintiff lacks standing to maintain this action and each cause

1  of action contained in this action.

2  FOURTEENTH AFFIRMATIVE DEFENSE

3  (Comparative Negligence)

4  14.    AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT

5  AFFIRMATIVE DEFENSE, Defendant alleges that the damages Plaintiff alleged he sustained

6  were either wholly, or in part, negligently caused by persons, firms, corporations or entities other

7  than this answering Defendant, and said negligence comparatively reduces the percentage of

8  damages attributable, if any, by this answering Defendant.

9  FIFTEENTH AFFIRMATIVE DEFENSE

10  (Unclean Hands)

11  15.    AS AND FOR A  FIFTEENTH SEPARATE AND DISTINCT AFFIRMATIVE

12  DEFENSE, Defendant is informed and believes and thereon alleges that Plaintiff's claims are

13  barred by the Doctrine of Unclean Hands.

14  SIXTEENTH AFFIRMATIVE DEFENSE

15  (Statutes of Limitations)

16  16.    AS AND FOR A  SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE

17  DEFENSE, Defendant alleges that all of Plaintiff's causes of action asserted in his Complaint is

18  barred by the applicable statutes of limitations.

19  SEVENTEENTH AFFIRMATIVE DEFENSE

20  (Legitimate Business Interest)

21  17.    AS AND FOR A  SEVENTEENTH, SEPARATE AND DISTINCT

22  AFFIRMATIVE DEFENSE, Defendant is informed and alleges that Defendant's actions alleged

23  by the Plaintiff in his Complaint were taken pursuant to a legitimate business interest.

24  EIGHTEENTH AFFIRMATIVE DEFENSE

25  (Estoppel)

26  18.    AS AND FOR EIGHTEENTH SEPARATE AND DISTINCT AFFIRMATIVE

27  DEFENSE, Defendant is informed and alleges that Plaintiff is estopped from asserting the claims

28  in the Complaint under the doctrine of estoppel because Plaintiff allegedly visited the subject

- 10 -

1   facility on more than one occasion and did not complain of being denied access after the first

2   visit to the subject facility, and Defendant relies on this for not making any access changes to the

3   subject facility.

4   <center>NINETEENTH AFFIRMATIVE DEFENSE</center>

5   <center>(Health & Safety)</center>

6       19.    AS AND FOR A  NINETEENTH SEPARATE AND DISTINCT AFFIRMATIVE

7   DEFENSE, Defendant is informed and alleges that Defendant is not required to permit Plaintiff

8   to participate in or benefit from its goods, services, facilities, privileges, advantages and

9   accommodations pursuant to 28 CFR §36.208 because Plaintiff poses a direct threat to the health

10  and safety of others.

11  <center>TWENTIETH AFFIRMATIVE DEFENSE</center>

12  <center>(Lack of Jurisdiction)</center>

13      20.    AS AND FOR A  TWENTIETH SEPARATE AND DISTINCT AFFIRMATIVE

14  DEFENSE, Defendant is informed and alleges lack of jurisdiction because there is no live case or

15  controversy regarding Plaintiff's demands for injunctive relief as access improvements are

16  complete or will be complete.

17  <center>TWENTY FIRST AFFIRMATIVE DEFENSE</center>

18  <center>(Assumption of the Risk)</center>

19      21.    AS AND FOR A  TWENTY FIRST SEPARATE AND DISTINCT

20  AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's complaint, and each claim therein,

21  are barred by the doctrine of primary and secondary assumption of the risk

22  <center>TWENTY SECOND AFFIRMATIVE DEFENSE</center>

23  <center>(Proposition 51)</center>

24      22.    AS AND FOR A TWENTY SECOND, SEPARATE AND DISTINCT

25  AFFIRMATIVE DEFENSE, Defendant alleges that their liability for damages, if any, should be

26  reduced pursuant to the provisions of California Civil Code 1431, et. seq.

27  <center>TWENTY THIRD AFFIRMATIVE DEFENSE</center>

28  <center>(Misapplication of Code/Wrong Code)</center>

<center>- 11 -</center>

23.    AS AND FOR A TWENTY THIRD  SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that all or some of Plaintiff's allegations of alleged ADA violations are either wholly in applicable as no law exists or wrong or legal contentions that are false and/or patently frivolous.

<u>TWENTY FOURTH AFFIRMATIVE DEFENSE</u>

(Statutes of Limitations - As To State Claims)

24.    AS AND FOR A TWENTY FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claim for relief is barred by the applicable statue of limitation, including California Civil Code section 340(3).

<u>TWENTY FIFTH AFFIRMATIVE DEFENSE</u>

(Preexisting Physical or Mental Conditions)

25    AS AND FOR A TWENTY FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges Plaintiff's claims for relief for damages are barred to the extent Plaintiff seek redress for physical and emotional injuries arising from preexisting physical or mental conditions.

<u>TWENTY SIXTH AFFIRMATIVE DEFENSE</u>

(Alternative Method for Access)

26.    AS AND FOR A TWENTY SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint, and each purported claim for relief alleged therein, is barred in that Defendant provided alternative method for access to the store.

<u>TWENTY SEVENTH AFFIRMATIVE DEFENSE</u>

(Not a Bona Fide Patron)

27.    AS AND FOR A TWENTY SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint, and each purported claim for relieve alleged therein, is barred because Plaintiff was not a bona fide patron of the store. Instead, if Plaintiff visited the store, he did so for purpose of instituting the instant litigation.

<u>TWENTY EIGHTH AFFIRMATIVE DEFENSE</u>

S:\My Documents\sec\8252\Pleadings\Answer.wpd                    **DEFENDANTS' ANSWER TO COMPLAINT**

(Additional Affirmative Defenses)

28.    AS AND FOR A TWENTY EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that they have no independent knowledge, as of the filing of this Answer, of the facts allegedly constituting the cause of action in Plaintiff's Complaint, and based thereon, hereby respectfully request leave of Court to amend this Answer to include those affirmative defenses that are revealed during the course of discovery.

WHEREFORE, the Answering Defendant prays for judgment against Plaintiff as follows:

(1)    That Plaintiff take nothing by reason of his Complaint;

(2)    For such costs and expenses of suit incurred herein;

(3)    Reasonable attorney's fees according to proof;

(4)    Court issue sanctions against Plaintiff for violating Federal Rules of Civil Procedure §11 and/or for filing a frivolous and baseless complaint in part or in whole;

(5)    For such other and further relief as the Court may deem just and proper.

Dated: July 26, 2007                    Corfee Stone & Associates


By:    _____ */s/ Catherine M. Corfee* _____
                                        Catherine M. Corfee
                                        Attorney for Defendants



**JURY TRIAL DEMANDED**


Dated: July 26, 2007                    Corfee Stone & Associates


By:    _____ */s/ Catherine M. Corfee* _____
                                        Catherine M. Corfee
                                        Attorney for Defendants

- 13 -